NEFF *v.* ABERT ET AL.

*Deeds — Construction — Estate conveyed — Life estate or fee simple — Rule in Shelley's case — Inapplicable to trust deeds, when — Partition.*

1. A grantor by a deed of trust conveyed to a trustee the fee title to all of the property described in said deed and further provided that "the warehouse, I own * * * if not needed to pay debts by Trustee, my Trustee will convey to my daughter Lucy, with life estate to her, and remainder in fee to her heirs forever. * * * This house to be valued by two disinterested persons, to be appointed by my Trustee, and to be charged to Mrs. Abert on settlement." *Held:*
   That the rule in Shelley's case controlled and governed, and the daughter took a fee simple title by virtue of a conveyance from the trustee.
2. The exception created by Section 10578, General Code, in the application of the rule in Shelley's case, is limited to wills and has no application to deeds of trust.

(Decided November 26, 1918.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. L. J. Crawford* and *Mr. Joseph W. O'Hara,* for plaintiff.

*Mr. Aaron McNeil* and *Mr. B. V. Spence,* for defendants.

WILSON, J.   This cause comes into this court on appeal from the superior court of Cincinnati, and was instituted in that court by plaintiff, as one of the children, and heir-at-law, of Lucy C. Abert, deceased, for a partition of certain property situate on the west side of Walnut street, between Court and Canal streets, in the city of Cincinnati, making her two sisters, Susan B. Abert and Nellie M. Abert, defendants, and alleging that plaintiff and the said two defendants were the only children and sole heirs-at-law of Lucy C. Abert, deceased; that under and by virtue of a trust deed from her grandfather, Colonel James Taylor, of Newport, Kentucky, to William H. Lape, trustee, and in pursuance of the authority contained therein, the said Lape, as trustee, conveyed said property on June 12, 1883, to Lucy C. Abert, plaintiff's mother.

Plaintiff contends that under the deed of trust made by Colonel James Taylor to William H. Lape, trustee, dated May 29, 1882, and recorded in Deed Book 535, page 577, of the Deed Records of Hamilton county, Ohio, the said Lape, trustee, had power and authority to convey said property to Lucy C. Abert *for life only,* and the remainder in fee to her heirs forever; that the estate conveyed, or intended to be conveyed, by the deed from William H. Lape, trustee, to Lucy C. Abert, dated June 12, 1883, and recorded in Deed Book 550, at page 401, Hamilton County Deed Records,

was an estate *for life only;* and that the remainder in fee is vested in Jennie A. Neff, Susan B. Abert and Nellie M. Abert, as the only children and sole heirs of Lucy C. Abert, deceased. While on the other hand the defendants, Susan B. Abert and Nellie M. Abert, contend that the deed of trust from Colonel James Taylor to William H. Lape, trustee, authorized and directed the trustee to convey said property in fee simple to Lucy C. Abert, and that the force and effect of the conveyance made by said trustee on June 12, 1883, to Lucy C. Abert was to vest a fee simple title to said property in Lucy C. Abert, and not merely a life estate.

Defendants, Susan B. Abert and Nellie M. Abert, further contend that by a warranty deed dated March 19, 1903, the said Lucy C. Abert conveyed said property to them in fee simple, and that by reason thereof the plaintiff has no right, title or interest therein.

. It will be seen from the foregoing statement that the solution of the question as to where the fee of said property was to vest, and eventually did, involves the construction of Colonel Taylor's deed of trust to William H. Lape. By said deed Colonel Taylor for the purpose of carrying out the trust therein expressed vests the fee title to all of the property described in said deed, including the property in question in this case, absolutely in his trustee, William H. Lape, and further provides:

"The warehouse, I own on Walnut Street, in Cincinnati, 25 feet by 100 feet, if not needed to pay debts by Trustee, my Trustee will convey to my daughter Lucy, with life estate to her, and remainder in fee to her heirs forever. * * * This

house to be valued by two disinterested persons, to be appointed by my Trustee, and to be charged to Mrs. Abert on settlement."

Did Colonel Taylor intend by that provision to vest in Lucy C. Abert a life estate or an estate in fee in said property?

It is contended by counsel for Susan B. Abert and Nellie M. Abert that the rule in Shelley's case has been adopted as a rule of property in Ohio, and that under said rule where an estate of fee-hold is granted or conveyed, and in the same grant or conveyance an estate is limited, either mediately or immediately, to the heirs of grantee in fee or in tail, the words "the heirs" are in such cases always words of limitation of the estate, and not words of purchase.

The legislature of Ohio, in 1840, abolished the application of the rule in Shelley's case as to wills. Section 10578, General Code, reads:

"When lands, tenements, or hereditaments are given by will to a person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall vest an estate for life only in such first taker, and a remainder in fee simple in his heirs."

If the instrument under consideration was the will and not the deed of Colonel Taylor, the court would have no hesitancy in holding that under said instrument Lucy C. Abert acquired only a life estate in said property under the conveyance from William H. Lape, trustee, and that the remainder in fee was vested in her heirs.

"The rule in Shelley's case was never a rule of intention or of construction to reach and carry out

the settlor's intention; but has been defined as it was established as an absolute rule of property to obviate certain difficulties that would arise in relation to tenures." *Mack* v. *Champion,* 26 Bull., 115.

"The rule in Shelley's case is not a rule of construction, but a law of property. It is not designed to give a meaning to words, but to fix the nature and quantity of an estate. If the estate for life, created in the devisee or donee, is limited precisely as it would descend at law, the rule in Shelley's case vests the entire fee in the first devisee or donee." *King* v. *Beck, Admr.,* 15 Ohio, 559, 562. The rule in Shelley's case has been severely criticised by courts in many states in which the rule has been adopted as a rule of property, including courts of Ohio. *Kirby et al.* v. *Brownlee et al.,* 13 C. C., 86, 90; and *King* v. *Beck, Admr.,* 15 Ohio, 559, 562.

Notwithstanding the criticism, the circuit and supreme courts in above cases held that the rule was still a rule of property in Ohio, and applied to the construction of deeds.

Does the rule in Shelley's case apply to and control the interpretation of the deeds from Colonel Taylor to William H. Lape, trustee, and from William H. Lape, trustee, to Lucy C. Abert?

Colonel Taylor by his deed of trust conveyed to William H. Lape the real estate in plaintiff's petition described, together with several other parcels, in trust for certain purposes in said deed expressed. The property on Walnut street described in the petition was by Colonel Taylor's deed conveyed to the trustee with express directions as follows:

"The warehouse, I own on Walnut Street, in Cincinnati, 25 feet by 100 feet, if not needed to pay debts by Trustee, my Trustee will convey to my daughter Lucy, with life estate to her, and remainder in fee to her heirs forever."

He further provides that the house is to be valued by two disinterested persons to be appointed by the trustee, and such value to be charged to Mrs. Abert on settlement. In pursuance of the express authority and direction so contained in the deed, William H. Lape, trustee, conveyed said property to Lucy C. Abert, her heirs and assigns forever, on June 12, 1883. The deed to said trustee was made by Colonel Taylor on May 29, 1882.

Colonel Taylor does not, by said deed, give to his trustee any discretionary power respecting the conveyance of said property to his daughter Lucy, but expressly directs its conveyance, if not needed to pay his debts, to his "daughter Lucy, with life estate to her, and remainder in fee to her heirs."

Was the estate so to be conveyed to Lucy a life estate or a fee simple estate in said property?

Our supreme court say in the case of *King* v. *Beck, supra*:

"If the estate for life, created in the devisee or donee, is limited precisely as it would descend at law, the rule in Shelley's case vests the entire fee in the first devisee or donee."

Clearly, if the property was conveyed in fee to Lucy, it would descend at law in fee to her heirs, and the supreme court in effect say that if it was conveyed to Lucy for life, limited precisely as it

would descend at law, under the rule in Shelley's case the entire fee would vest in her.

Courts of Ohio have repeatedly been called upon to determine the application of the rule in Shelley's case to wills and deeds containing language of the same or similar import to that contained in Colonel Taylor's deed.

In the case of *McFeely's Lessee* v. *Moore's Heirs,* 5 Ohio, 464, the court say:

"It is urged, however, that the rule has a feudal origin, and that policy does not require or permit its adoption in a community like ours. But it has been too long established, to be abrogated by us. From the earliest period, we find it a settled rule of the common law * * . *. If its policy be doubted, let the legislature be called to act; but if we should disregard a rule, which has prevailed so widely, and subsisted so long, it would be an unfaithful interpretation of the law."

In the above case John Hale by will devised to his son and his wife certain property as follows:

"My will is, that Walter and Phebe, aforesaid, may have the use of these two tracts of land, during their respective lives; but at their decease, my will is, that these two tracts of land descend to their heirs, to whom I bequeath the same to have and to hold said tracts, to themselves, their heirs, and assigns, forever."

The court held that the rule in Shelley's case applied and that the grantee of Walter and Phebe Hale was the owner in fee of said property, or in other words that the fee title to said property vested under said will in Walter and Phebe Hale.

The foregoing decision was rendered before 1840, at which date the legislature of Ohio excepted wills from the operation of the rule in Shelley's case.

In *Akers* v. *The Akron, Canton & Youngstown Ry. Co. et al.,* 20 C. C., N. S., 352, the court say:

"Where the granting clause of a deed is in the usual form and gives, grants, bargains, sells and conveys the premises therein described unto the grantee * * * his heirs and assigns, * * * 'to have and to hold said premises for and during his natural life, with reversion at his death to his children, heirs of his body, and their heirs and assigns,' * * * the rule in Shelley's case applies and the grantee takes an estate in fee simple."

In the above cause Adam Fulmer and wife conveyed to their son, Daniel Fulmer, by deed, a certain tract of land, in which deed the habendum clause contained the following language:

"To have and to hold said premises to the said Daniel Fulmer, for and during his natural life, with reversion at his death to his children, heirs of his body, and their heirs and assigns, and if he dies leaving no children or legal representatives, then the above is to be and remain the property of the brothers and sisters of Daniel Fulmer, their heirs and assigns, forever."

Daniel Fulmer conveyed the real estate to the Akron Newcastle Railway Company, and the court held that the rule in Shelley's case applied, and the fee in said property vested in Daniel Fulmer by said deed, and the conveyance by him to the railroad company vested a fee simple title in said property in said company.

In *Brockschmidt* v. *Archer et al.,* 64 ·Ohio St., 502, Aaron M. Peasley, who died in 1837, left a last will in which he devised to his son, Edward A. Peasley, certain real estate, in the following language:

"I devise to my son Edward A. Peasley all the rest and residue of said tract of land as purchased of said Brown * * *. I hereby ·in explanation declare it to be my will that the parcels of land hereinbefore devised to my two sons, Theodore and Edward, is to be· to them respectively during their natural lives, but so that they nor either of them ·can not in their lifetime dispose of the same for any longer period than during their respective lives, giving each of them. only 'a life estate in the land so devised to them, and· after their deaths, the property to be to their respective heirs at law in fee simple."

Edward A. Peasley executed a mortgage upon his interest in said property which was foreclosed, and the property sold, and the question in the case was whether or not the purchaser at that sale acquired the fee title to said property, or whether the fee simple was vested in the heirs of Edward A. Peasley; or in other words, what estate Edward A. Peasley took under the will of his father, said will having been probated at a time when the rule in Shelley's case as a rule of property was applicable to wills as well as deeds.

·The court, on page 513, say:

"In conveyances made by deed the rule [in Shelley's case] was rigidly .adhered to, because such instruments were generally made on mature consideration, as well as under the advice of counsel, but

it was somewhat relaxed at common law in favor
of wills where the same opportunity did not always
exist in the case of testators."

On page 515 the court say:

"The testator first gives to his son Edward an
estate for life in the land, and at his death it is to
go to his heirs. There is no devise over in case he
should die without heirs, nor is there anything in
the will to show that he used the word 'heirs' in
any other than the usual sense in law, except that
he gave a life estate to his son, which as we have
already shown, in no way affects the application of
the rule. On the death of Edward the property is
to go precisely as it would at law—to his heirs. It
therefore follows that under the will of his father,
Edward took a fee simple estate in the land de-
vised to him."

The rule in Shelley's case having been estab-
lished in Ohio as a rule of property, as far back as
*McArthur* v. *Porter et al.,* 1 Ohio, 99, and followed
thereafter in numerous decisions to the present day,
this court, of course, is compelled to abide by the
rule thus established by former decisions where
the same questions are involved.

The court is therefore constrained to hold that
the rule in Shelley's case controls and governs in
the construction of Colonel Taylor's deed to Wil-
liam H. Lape, trustee, and in the deed from the
trustee to Lucy C. Abert; and that by reason
thereof the court is of the opinion that a fee simple
title to the property described in plaintiff's petition
was thereby vested in Lucy C. Abert; that the con-
veyance by Lucy C. Abert to her daughters, Susan
B. and Nellie M., vested in them a fee simple title

to said property; and that the plaintiff herein, Jennie A. Neff, has no title or interest in said property.

Counsel for plaintiff contend that by reason of the fact that Colonel Taylor's deed is in its nature a testamentary disposition of his property, that the rule in Shelley's case does not control, but the deed should be construed as though it were a will. The court is unable to find any authority at law for making such an exception.

By force of Section 10578, General Code, lands given by a will are excepted from the application of the rule. While the legislature has seen fit to except property devised by will, it has not excepted property conveyed by deed from the application of the rule. Colonel Taylor's deed is not a will. It is not in the form of a will, was not executed in the manner that wills are required to be executed, and it was not probated, or in any manner treated or considered by either the heirs or any court of record as a will, and this court is therefore of the opinion that the exception created by Section 10578, General Code, in the application of the rule in cases of wills, has no application to the deed in question.

The case referred to by counsel for plaintiff, reported in 4 C. C., page 31, *Hoagland et al.* v. *Marsh et al.,* does not hold that the rule in Shelley's case does not apply to deeds which are in their nature testamentary dispositions of property.

The rule in Shelley's case did not enter into the consideration of the question before the court in the *Hoagland case.* There the question was as to where a one-sixth (1/6) interest conveyed in fee to

Albert Marsh vested on his death; whether in his five brothers and sisters surviving, who were mentioned in the deed; or in all of the children of Shubel Marsh other than the five named in the will; or, thirdly, in all of the children of Shubel Marsh still surviving. The distinction between that case and the case at bar being that the deed from Thomas Marsh to George Marsh, trustee, directed a conveyance of the property in fee to the six children named, and not to them for life with a remainder in fee to their heirs, as was done in the case here.

The *Hoagland case,* in the opinion of the court, is not an authority upon the question contended for.

It was further contended by counsel for plaintiff that the trust under Colonel Taylor's will was executory, and for that reason the rule in Shelley's case does not apply.

The superior court of Cincinnati, general term, in the case of *Mack et al.* v. *Champion, Trustee, 26* Bull., 113, 114, quite clearly defined what is an executory trust in the following language:

"When the limitations and trusts are fully and perfectly declared, the trust is regarded as an executed trust, and the distinction thus made between executed and executory trusts as administered in the court of chancery, has been recognized since the difference was first fully explained by Lord Chancellor Cowper in *Earl of Stanford* v. *Hobart,* 3 Bro. P. C. 31 * * *.

"It is only when the limitations are imperfectly declared and the intent of the creator is expressed in general terms, leaving the manner in which the

intent is to be carried into effect substantially in the discretion of trustees, that a court of equity regards the trust as an executory trust."

Colonel Taylor in his deed directing the conveyance to Lucy C. Abert of the property in the petition described, does not express his intent in general terms, nor are the limitations imperfectly declared, nor does he leave the manner in which the intent is to be carried into effect substantially in the discretion of the trustee, but, on the contrary, he expressly directs the conveyance of that particular property to Lucy C. Abert, clearly and distinctly defining the limitations of the conveyance. There is nothing ambiguous, uncertain or indefinite, nor does he leave anything to the discretion of the trustee. In event the property is not necessary to pay his debts—he thereby simply provides that in the event the law does not exact that property for the liquidation of his indebtedness the conveyance shall be made, but that in no manner vests any discretionary power in the trustee.

The evidence submitted having failed to show that plaintiff has any interest in the property sought to be partitioned, the court is of the opinion that plaintiff has no cause of action herein and that her petition should be dismissed.

*Petition dismissed.*

JONES, P. J., and HAMILTON, J., concur.